IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BALE PERCELLE,<br><br>           Plaintiff,<br><br>  vs.<br><br>DR. ALAN ROSENTHAL, DR. QUAN DINH, DR. C. KRISHNA, DR. POMPAN, DR. M. FRIEDMAN, and JOHN and JANE DOES of the review committee,<br><br>           Defendants. | No. C 05-1998 WHA (PR)<br><br>**ORDER AND RULINGS;**<br>**REFERRAL TO MEDIATION** |

      This is a civil rights case filed pro se by a state prisoner. The Court granted in part and denied in part plaintiff's motion to compel and to determine sufficiency of discovery responses. Among other things, certain matters were deemed admitted because defendant Friedman did not admit or deny the requests for admissions within the time allowed by the rule. *See* Fed. R.Civ.P. 36(a). Defendant Friedman has moved to reconsider the ruling as to the requests for admissions directed to him. The motion (document number 41) is **DENIED** because Friedman has not obtained permission to file a motion to reconsider as required by Local Rule Civ 7-9(a).

      Plaintiff moves for leave to file a second amended complaint to replace John Does of the previous complaint with the actual names of the members of the Health Review Committee he intended as defendants. If leave to amend were granted, the Court would conduct the review required by 28 U.S.C. § 1915A, to determine if he had stated a claim against the newly-named

1  defendants. If the new claims could not survive that review, there is no point in allowing the
2  amendment.

3  The complaint must "give the defendant fair notice of what the . . . . claim is and the
4  grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations and
5  internal quotation marks omitted). Although in order to state a claim a complaint "does not
6  need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his
7  'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of
8  the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a
9  right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955,
10 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for
11 relief that is plausible on its face." *Id.* at 1986-87.

12 Plaintiff provides as to the members of the Health Review Committee only conclusory
13 allegations that they signed off on "conflicting procedures." Such allegations are not sufficient
14 to render "plausible" the contention that they were deliberately indifferent to plaintiff's serious
15 medical need, when that deliberate indifference requires a purposeful act or failure to act on the
16 part of the defendant and resulting harm. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir.
17 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136
18 (9th Cir. 1997) (en banc).[1] And in the absence of federal claims the Court would elect not to
19 exercise jurisdiction over the supplemental malpractice claims. *See Sinaloa Lake Owners Ass'n*
20 *v. City of Simi Valley*, 70 F.3d 1095, 1102-03 (9th Cir. 1995) (denial of leave to amend
21 complaint to add state law claim against three defendants was proper because there was no
22 remaining federal claim against any of those defendants).

23 The claims against the new defendants would be dismissed from the case if the
24 amendment were allowed. It therefore would be futile to allow it. Leave to amend (document
25 number 46) is **DENIED**.

---

[1] *WMX Technologies* overruled *McGuckin* only to the limited extent that *McGuckin* suggested that a court's dismissal with leave to amend is a final judgment for purposes of appeal where the plaintiff simply does not choose to file an amended complaint. *WMX Technologies*, 104 F.3d at 1136. Rather, a further district court determination dismissing the complaint must be obtained before the order can be appealed. *Id.*

2

Plaintiff has also moved to compel the custodian of records at the Correctional Training Facility to comply with a subpoena duces tecum plaintiff had the United States Marshals Service serve upon him. He says in a declaration that the custodian has ignored the subpoena. The motion is unopposed. The motion to compel (document number 47) therefore is **GRANTED**. The defendants' counsel shall ensure that a response to the subpoena is provided to plaintiff within fourteen days of the date this order is entered.

Finally, plaintiff moves for a temporary restraining order. He alleges that since he has been moved to a new housing area within the Correctional Training Facility he has not received his medication for hypertension, and that although his allergies are so severe that he had to be rushed to a hospital by ambulance because swelling in his throat was blocking his breathing, he has not been given the prescribed "Epi-pen" for his allergies. Although the motion is unopposed, so the only evidence before the Court is that provided by plaintiff, he has failed to provide sufficient facts to show that he is at risk for irreparable injury. For instance, he does not indicate the level of his hypertension, what the medication was, whether the prescription for it expired by its own terms, or whether the hypertension might be controlled by other means, such as diet and exercise. As to the Epi-pen, he does not even explain what that might be. In light of this, the motion (document number 49) is **DENIED**. *See Diamontiney v. Borg*, 918 F.2d 793, 795 (9th Cir. 1990) (both traditional and alternative tests for injunctive relief require some showing of irreparable harm). The dismissal is without prejudice to renewing the motion if plaintiff contends he still is not receiving proper care, subject to the stay entered below.

The court has established a Pro Se Prisoner Mediation Program. Certain prisoner civil rights cases may be referred to a neutral magistrate judge for prisoner mediation proceedings. The proceedings consist of one or more conferences as determined by the mediator. The conferences are conducted at the plaintiff's institution, with the defendants or their representatives attending by videoconferencing if they wish.

This case is **REFERRED** to Magistrate Judge Vadas pursuant to the Pro Se Prisoner Mediation Program. All further proceedings in this case except those related to the mediation and compliance with the subpoena as ordered above are **STAYED** pending completion of that

3

procedure.

The mediation proceedings shall take place within forty-five days of the date this order is entered. Magistrate Judge Vadas shall coordinate a time and date for a mediation proceeding with all interested parties or their representatives and, within five days after the conclusion of the mediation proceedings, file a report. All mediation proceedings shall be confidential and no statement made therein will be admissible in any proceedings in the case, unless the parties otherwise agree. No part of the mediation proceeding shall be reported, or otherwise recorded, without the consent of the parties, except for any memorialization of a settlement.

The clerk shall mail a copy of the court file, including a copy of this order, to Magistrate Judge Nandor Vadas in Eureka, California.

**IT IS SO ORDERED.**

Dated: September   17   , 2007.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.05\PERCELLE998.RECON.wpd